IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

LARRY PETTY, SR., and ELIZABETH PETTY,

                      Plaintiffs,                      OPINION AND ORDER

    v.

                                                  20-cv-78-wmc

PURDUE PHARMA, L.P., PURDUE PHARMA INC.,
THE PURDUE FREDERICK K COMPANY,
RICHARD SACKLER, THE "PREDUE FAMILY,"
SSM HEALTH, RYAN J. QUINT and DAVID WOLFE,

                      Defendants.

      In this case, *pro se* plaintiffs Larry Petty, Sr. and Elizabeth Petty bring suit against eight defendants, including Purdue Pharma L.P. and two related companies, as well as two of Mr. Petty's doctors, alleging various concerns related to his prescribed use of, and now withdrawal from, oxycodone and fentanyl.  Because plaintiffs have not paid the full filing fee, this court has the authority to "dismiss the case at any time" if, among other things, the action "fails to state a claim on which relief may be granted."  28 U.S.C. § 1915(e)(2); *see also Luevano v. Wal-Mart Stores, Inc.,* 722 F.3d 1014, 1022 (7th Cir. 2013).  Additionally, this court has "an independent obligation to determine whether subject-matter jurisdiction exists, even when no party challenges it."  *Hertz Corp. v. Friend*, 130 S. Ct. 1181, 1193 (2010).  For the reasons discussed below, the court concludes that plaintiffs' complaint fails to allege facts sufficient to establish that this court has jurisdiction over the dispute.  Nevertheless, plaintiffs will be given a limited opportunity to amend their complaint to avoid dismissal for that reason.

ALLEGATIONS OF FACT[1]

A. Parties

This action is brought by plaintiff Larry Petty, Sr. and his wife, Elizabeth Petty. They have named the following individuals and entities as defendants: Purdue Pharma, L.P.; Purdue Pharma Inc.; the Purdue Frederick K Company; Richard Sackler; the "Predue family"; SSM Health; Dr. Ryan J. Quint; and Dr. David Wolfe.

B. Facts

From what the court can gather from plaintiffs' filings, Mr. Petty alleges that Dr. Wolfe, an orthopedic surgeon, broke Mr. Petty's tibia during a procedure. As a result, and due to various other medical conditions, Mr. Petty was referred to SSM's pain clinic at which he was prescribed oxycodone and fentanyl. He was prescribed "exceptionally high" doses of these medications but was never warned of the physical and mental side effects of these drugs. In particular, as a result of these medications (or potential withdrawal from them), Mr. Petty now experiences daily headaches, mood swings, depression, anxiety, and post-traumatic stress disorder, as well as greater rebound pain. At the same time, plaintiffs complain that Dr. Quinn and SSM health are wrongfully lowering Mr. Petty's dose of daily pain-relieving medications. According to plaintiffs, Purdue Pharma misled doctors, and therefore patients, about the addictive properties and side effects of their opioid pain

---

[1] Courts must read allegations in *pro se* complaints generously. *Haines v. Kerner*, 404 U.S. 519, 521 (1972). Here, plaintiffs have filed at least three documents containing allegations about their case with the court. On January 27, 2020, plaintiffs filed both a "Complaint Form" (dkt. #1) and a "Complaint and Request for Injunction" (dkt. #2). Then, on April 15, 2020, plaintiffs filed a letter including various additional allegations. (Dkt. #8.) For the purposes of this opinion and order, the court has considered the allegations in all three documents.

2

medications. They further allege that SSM knew what the medication was doing to Mr. Petty.

OPINION

This suit is subject to dismissal because plaintiffs have failed to adequately demonstrate that this court has jurisdiction over the dispute. Federal courts are courts of limited subject matter jurisdiction, meaning that they only have the power to hear a case if specifically granted that power by the Constitution and authorized by statute. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). The presumption is that a cause lies outside of this limited jurisdiction, and the burden of establishing the contrary rests upon the party asserting jurisdiction. *Id.*

Plaintiffs invoke this court's diversity jurisdiction under 28 U.S.C. § 1332. (Dkt. #2.) Under § 1332, diversity jurisdiction is present where the matter in controversy exceeds the sum or value of $75,000 and complete diversity between the parties exists. To satisfy the complete diversity requirement, citizens of the same state may not be on opposite sides of a lawsuit. *Turner/Ozane v. Hyman/Power*, 111 F.3d 1312, 1318 (7th Cir. 1997).

Here, plaintiffs have included the following information regarding to the parties' citizenship:

- Plaintiff Larry D. Petty is a citizen of Wisconsin. (First Supp. to Compl. (dkt. #2) 3.)

- Defendant "the predue family" is a citizen of the state of "New York City." (*Id.* at 4.)

- Defendant Purdue Pharmaceutical is incorporated under the laws of the state of "Stanford State and Delaware" and has its principal place of business in the state of "Stamford." (*Id.*)

Plaintiffs additionally list the addresses of some of the defendants:

- Richard Sackler, "ONE STAMMFORD 201 TRESSER Boulevard, Stanford, CT 0690." (*Id.* at 2.)

- SSM Health outpatient clinic, "700 SOUTH PARK st. MADSON WI53713." (*Id.*)

- Ryan J Quint, "700 SOUTH PARK STREET MADISON WISCONSIN AND DANE COUNTY." (*Id.*)

- David Wolfe, "1313FISH HATCHERY RD MADISON WISCONSIN 53713." (*Id.* at 3.)

This information is insufficient to establish whether complete diversity between the parties exists. First, none of the papers filed by plaintiffs contains allegations as to the citizenship of plaintiff Elizabeth Petty. As one of the plaintiffs in this suit, plaintiffs must allege her citizenship as well so that this court can properly ascertain the existence of complete diversity. *See CIBC Bank USA v. JH Portfolio Debt Equities, LLC*, No. 18 C 3964, 2020 WL 5848379, at *2 (N.D. Ill. Oct. 1, 2020) ("[T]he citizenship of each and every plaintiff must be diverse from the citizenship of each and every defendant.").

Additionally, plaintiffs have not submitted sufficient information to determine the citizenship of the individual defendants -- Richard Sackler, Ryan Quint, and David Wolfe. The citizenship of a natural person for diversity purposes is determined of course by the person's domicile, which means the state where the person is physically present with an intent to remain there indefinitely. *See Perry v. Pogemiller*, 16 F.3d 138, 140 (7th Cir. 1993). Even though plaintiffs list the individual defendants' "addresses," this is not enough to determine whether those addresses are the defendants' domiciles. These could

4

be their residences or places of work, neither of which would be sufficient. *See Winforge, Inc. v. Coachmen Indus., Inc.*, 691 F.3d 856, 867 (7th Cir. 2012) ("An allegation of residence is not sufficient to establish citizenship, which requires domicile."); *Middlesex Ins. Co. v. Rodger*, No. 14-CV-244-WMC, 2014 WL 12674372, at *1 (W.D. Wis. Apr. 9, 2014) (noting that the Seventh Circuit has "strictly" construed the requirement that a plaintiff allege proper citizenship to establish diversity). Regardless, even if the court were to accept the addresses as allegations of defendants' domiciles, the case is still subject to dismissal due to defendants Quint and Wolfe's Wisconsin addresses, suggesting that they, like Mr. Petty, are citizens of Wisconsin.

Finally, plaintiffs have failed to properly allege the citizenship of the entities named as defendants -- namely, Purdue Pharma, L.P., Purdue Frederick K Company, and SSM Health. To allege the citizenship of a corporation, a plaintiff must allege its state of incorporation *and* principal place of business. *See* 28 U.S.C. § 1332(c)(1); *Hoagland ex rel. Midwest Transit, Inc. v. Sandberg, Phoenix & von Gontard, P.C.*, 385 F.3d 737, 741 (7th Cir. 2004). For unincorporated associations, such as a limited partnership, a plaintiff must allege the citizenship of all of the entity's members. *See Carden v. Arkoma Assocs.*, 494 U.S. 185, 195 (1990). Plaintiffs should be aware that if any members of the association are themselves an unincorporated association, then the individual citizenship of each of those members and partners must also be alleged as well. *See Meyerson v. Harrah's E. Chi. Casino*, 299 F.3d 616, 617 (7th Cir. 2002) ("[T]he citizenship of unincorporated associations must be traced through however many layers of partners or members there may be.").

Although a court may also exercise jurisdiction over cases involving federal

5

questions, no federal cause of action is implicated by plaintiffs' complaint. Plaintiffs do not assert any specific causes of action, but the closest would be medical malpractice and/or products liability, which are both state law claims. Indeed, various courts have concluded that other cases against Purdue Pharma related to alleged violations related to opioids do not present federal questions. *See Dunaway v. Purdue Pharma L.P.*, 391 F. Supp. 3d 802, 813 (M.D. Tenn. 2019) (collecting cases).

Before dismissing this action for lack of jurisdiction, however, plaintiffs will be given leave to file an amended complaint which establishes diversity jurisdiction by alleging the names and citizenship of each member of both parties in accordance with the principles outlined above.

## ORDER

IT IS ORDERED that:

1. Plaintiffs Larry Petty Sr. and Elizabeth Petty's complaint is DISMISSED without prejudice for lack of jurisdiction.

2. Plaintiff may have until **February 28, 2022**, to submit an amended complaint that pleads good faith allegations sufficient to establish federal jurisdiction. If plaintiff fails to respond by that deadline, then this case will be dismissed with prejudice for failure to prosecute.

Entered this 11th day of February, 2022.

BY THE COURT:

/s/
_____
WILLIAM M. CONLEY
District Judge